JOHN J. MULROONEY, Administrator, Appellant, v.
IRISH AMERICAN SAVINGS AND BUILDING
ASSOCIATION, Respondent.

**St. Louis Court of Appeals, November 30, 1909.**

**JURISDICTION: Supreme Court: Constitutional Question.** The petition, which alleged that a building loan was made to decedent at an usurious premium, pursuant to a by-law of defendant company, as authorized by a statute, and that the by-law contravened a constitutional provision, and sought to recover the usurious interest paid, alleged that the statute was unconstitutional and raised a constitutional question, so that the Court of Appeals did not have jurisdiction to determine such question.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

CERTIFIED TO SUPREME COURT.

*James J. O'Donohue* for appellant.

*R. M. Nichols* for respondent.

GOODE, J.—This appeal lies outside our jurisdiction. The action is for an accounting and as instituted asked for a decree against defendant for such sums as had been paid to it by John Bulfin and Mary E. Bulfin, his wife, on a loan procured from defendant June 10, 1896, for rents collected by defendant on property mortgaged to secure said loan, for the proceeds received by defendant from the sale of said property, less the amount of the loan found to be unpaid, and certain other items. According to the petition the two Bulfins borrowed from defendant June 10, 1896, $4080, bearing interest at five per cent per annum and executed a promissory note in that amount, secured by a deed of

145 App—43

trust on premises in the city of St. Louis. Defendant deducted from the amount of the loan $1224, or thirty per cent of the face of the loan, as premium, turning over to plaintiffs $2856 in cash. The petition further alleges that the Bulfins having fallen into embarrassed circumstances and being old, were by October 28, 1898, unable to meet the monthly payment of $34 required by the bond or note and deed of trust; that on said day defendant induced said parties to make a deed to the property by threatening to foreclose the same under the deed of trust, and by representing to the Bulfins that if the property was conveyed to defendant it would advance money to them to move, would put the property in a salable condition, rent it and collect rents, and as soon as possible find a purchaser, sell it and apply the rents so collected and the purchase price, in payment of the loan. Other allegations regarding the sale of the premises by defendant and the price received, are made, as well as allegations as to the amounts paid by the Bulfins on the loan at different times; and on shares of stock they held in defendant association. One of the main elements of the cause of action stated in the petition is, that the loan made to the Bulfins was not offered for sale to defendant's shareholders nor put up at a competitive bidding; but was made pursuant to a by-law of the company in force at the time, which provided, among other things, that no loan should be made at a premium less than twenty per cent or more than thirty per cent. The petition alleges said by-law was in conflict with and in contravention of section 53, article 4, of the Constitution of the State of Missouri, and especially in conflict with the section of said article which provides "the General Assembly shall not pass a local or special law . . . fixing the rate of interest." . . . "In cases where a general law can be made applicable, no local or special law shall be enacted." The petition then refers to article 10, chapter 12, of the Revised Statutes of 1899, and

particlarly section 1362 of said article of the statutes, the same being section 2814 of article 9, chapter 42 of the Revised Statutes of 1889, and alleges those articles and sections are in conflict with the constitutional provisions aforesaid. The import of these allegations of the petition is that the loan to the Bulfins was usurious, though made in a form authorized by a statute of the State, because said State statute contravened the Constitution of the State; that the borrower was entitled to have the usurious interest refunded. The case was determined against plaintiff, as administrator of the estate of John Bulfin, and presumably the court overruled the defense based on the supposed unconstitutionality of the cited statute and in favor of its constitutionality and the consequent validity of the loan. The constitutional point is insisted on as ground for reversal in the present appeal; hence the cause should be transferred to the Supreme Court of the State for determination, and it is so ordered. All concur.